UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORTH POINTE INSURANCE COMPANY,

          Plaintiff,

vs.                             Case No. 2:13-cv-30-FtM-29DNF

CITY WIDE PLUMBING, INC., JOHN HUGHES, JALANIE HEAD, individually, as Personal Representative of the Estate of MICHAEL WAYNE HEAD, JR., deceased, and as Parent and natural Guardian of a minor, COREY MEREDITH TINSELY, NICOLE HUGHES, AMELIA DAVIES, MICHEL ALBERIO, and THOMAS SWEARINGEN,

          Defendants.
_____

**ORDER**

This matter comes before the Court on a jurisdictional review of the Declaratory Judgment Complaint (Doc. #1) filed on January 16, 2013. The Complaint was filed based on the presence of diversity jurisdiction. (Doc. #1, ¶ 1.) This requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).

Plaintiff alleges that the amount at issue is in excess of $75,000. (Doc. #1, ¶ 1.) Plaintiff seeks a declaratory judgment[1]

---

[1]To the extent plaintiff relies upon 28 U.S.C. § 2201 as a basis for jurisdiction, the Declaratory Judgment Act is "procedural
(continued...)

as to coverage for an underlying negligence action that caused the death of Michael Wayne Head, Jr. and caused pain and suffering to the surviving spouse and child permanent in nature. (Doc. #1, ¶ 20.) Therefore, the Court finds that the amount in controversy is adequately stated.

Plaintiff is alleged to be a Michigan corporation with a principal place of business in Southfield, Michigan. Defendant City Wide Plumbing, Incorporated is a Florida corporation with its principal place of business also in Florida. (Doc. #1, ¶¶ 2-3.) Plaintiff alleges that the individually named defendants, including the decedent, reside in Lee County, Florida. (Id., ¶¶ 4-11.) "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment,

---

[1](...continued)
only" and does not provide a basis for subject-matter jurisdiction. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

and to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)(internal quotation marks and citations omitted). As plaintiff's allegations are inadequate to plead the citizenship of defendants, the Complaint will be dismissed for lack of jurisdiction.

Accordingly, it is now

**ORDERED**:

1. The Clerk shall immediately remove the Declaratory Judgment Complaint from the public electronic docket.[2]

2. Plaintiff's Declaratory Judgment Complaint (Doc. #1) is **dismissed without prejudice** for lack of subject-matter jurisdiction. Plaintiff may file an amended complaint within **FOURTEEN (14) DAYS** of this Order. If no amended complaint is filed, the Court will close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of June, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record

---

[2] Although redacted in the case heading and Wherefore clause, plaintiff references the minor by her full name throughout the Complaint. In amending, plaintiff shall ensure that all references within the amended complaint, to exhibits attached thereto, and the exhibits themselves are also redacted to delete the name of the minor and replace it with initials, i.e., J.K. Head. (See, e.g., Doc. #1, ¶ 19.)