UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORTH POINTE INSURANCE COMPANY,

    Plaintiff,

v.   Case No: 2:13-cv-30-FtM-29DNF

CITY WIDE PLUMBING, INC., JOHN HUGHES, JALANIE HEAD, individually, as Personal Representative of the Estate of Michael Wayne Head, Jr., deceased, and as Parent and Natural Guardian of (redacted), a minor, COREY MEREDITH TINSLEY, NICOLE HUGHES, AMELIA DAVIES, MICHEL ALBERIO, and THOMAS SWEARINGEN,

    Defendants.

### OPINION AND ORDER

This matter comes before the Court on defendants Citywide Plumbing, Inc. and John Hughes' Motion for Attorney Fees (Doc. #84) filed on August 30, 2013. Plaintiff filed a Response in Opposition (Doc. #97) on October 29, 2013. The parties do not dispute that defendants are entitled to fees.

**I.  Procedural Background**

On January 16, 2013, plaintiff North Pointe Insurance Company (North Pointe) initiated this action seeking declaratory relief regarding its duty to provide coverage for an underlying negligence action against its policy holder. On May 17, 2013, after finding

no answer or other response to the Declaratory Judgment Complaint and upon motion, a Clerk's Entry of Default was entered against Amelia Davies, Nicole Hughes, and Thomas Swearingen. (Doc. #50.) The remaining defendants answered.

On June 24, 2013, the Court *sua sponte* dismissed the Declaratory Judgment Complaint for lack of subject-matter jurisdiction with leave to amend the pleading. On June 25, 2013, plaintiff filed a First Amended Declaratory Judgment Complaint (Doc. #61)[1] against City Wide Plumbing, Inc. (City Wide), John Hughes (Hughes), Jalanie Head, Corey Meredith Tinsley, Nichole Hughes, Amelia Davies, Michel Alberio, and Thomas Swearingen seeking a declaration that it had no duty to defend or indemnify under the commercial liability policy issued to City Wide; that defendants were estopped from pursuing a claim, defense, and/or indemnity against North Pointe; and that North Pointe was entitled to recover expenses related to its defense of City Wide and Hughes in the underlying lawsuit prior to a determination of its obligations under the Policy. Defendants Jalanie Head and City Wide Plumbing and Hughes are the only defendants who filed Answers (Docs. ## 63, 64) to the Amended Complaint. Defendant Jalanie Head filed a letter from defendant Alberio addressed to her counsel

---

[1] This pleading was further amended by interlineation to correct a date in paragraph 18. (See Doc. #82.)

under Notice of Filing (Doc. #62), but the document does not respond to the allegations in the Amended Complaint.

## II. The Settlement

On August 21, 2013, plaintiff partially resolved the case with City Wide and Hughes and stipulated to the entitlement of attorney fees, but with the amount to be determined by the Court. Defendants Corey Tinsley, Michel Alberio, Nicole Hughes, Amelia Davies, and Thomas Swearingen did not appear or participate in mediation.[2] (Doc. #83.) On September 17, 2013, in response to the Magistrate Judge's Order (Doc. #87) seeking further information, plaintiff filed a Notice of the Status of Defendants' Motions (Doc. #89) indicating that the motions were moot in light of the settlement with City Wide and Hughes, except for the request for attorney's fees. On September 19, 2013, the Court issued an Order (Doc. #91) directing plaintiff to notify the Court as to the status of the remaining defendants, including whether they were due to be dismissed. In response, plaintiff indicated that the remaining defendants would be dismissed upon the Court's ruling on defendants' Motion for Award of Attorney's Fees (Doc. #92). The Court took the motion under advisement pending the parties filing

---

[2] Although defendants Corey Tinsley and Michel Alberio appeared and filed *pro se* answers to the original Complaint, see Docs. ## 40, 57, neither responded to the Amended Complaint. Plaintiff did not seek defaults against any defendant with regard to the Amended Complaint.

a stipulation of dismissal or a settlement agreement to support entitlement to attorney's fees. (Doc. #93.) On October 14, 2013, plaintiff, City Wide, Hughes, and Jalanie Head filed a Joint Stipulation Regarding Settlement (Doc. #95) indicating that a confidential written settlement agreement was reached but pending finalization, except for the amount of fees. The Court administratively closed the case for a period of 60 to allow the parties to submit a final judgment or proposed order regardless of attorney's fees. (Doc. #96.) The parties did not submit final documents, therefore the Court will direct the entry of judgment herein as to all defendants.

### III. Entitlement

Under Florida's Insurance Code, the insured is entitled to "a reasonable sum as fees or compensation" for "prosecuting the suit in which the recovery is had." Fla. Stat. § 627.428(1). In this case, defendants assert they are entitled to attorney's fees pursuant to Fla. Stat. § 627.428, and because the parties stipulated to entitlement under the terms of the settlement. The Court retained jurisdiction to determine the amount of fees, and judgment will issue against plaintiff and for defendants City Wide and Hughes with an award of attorney's fees.

### IV. Attorney's Fees Amount

Defendants seek $112,055.50, with an enhancement if the hourly rates are found unreasonable and with a contingency

multiplier of 2, for a total of $224,111.00 pursuant to Fla. Stat. § 627.428. Defendants do not seek taxable costs because they were "*de minimis*". (Doc. #84, p. 1.) The motion is opposed and plaintiff suggests that a reasonable fee would be a 30% across the board reduction for a total of $78,120.00.

**A. Lodestar Method**

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit adequate documentation of hours and rates in support, or the award may be reduced. Id.

**(i)   Hours Expended**

In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board, Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008), and the Court must eliminate excessive, unnecessary, and redundant hours, Norman v. Housing Auth. Of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir. 1988).

In this case, counsel expended a total of 367.4 hours, which total does not include paralegal time, travel time, or other duplicate time. (Doc. #84, p. 5; Doc. #84-2, Exh. B.) In support, defendants filed the Declaration of Matthew J. Meyer Regarding Attorneys' Fees and Costs (Doc. #84-4, Exh. D), a member of the Florida Bar since 1997 and Managing Partner at the Tampa Office of

his firm. Mr. Meyer states that he worked 175.7 hours on the case, and that his associate Tyler J. Derr, who worked in the insurance industry and graduated from law school in 2010, worked 191.7 hours on the case. Counsel took the case on a contingency basis pursuant to an agreement. (Doc. #84-4, pp. 27-31.) Defendants also submitted the Affidavit of S. Douglas Knox (Doc. #84-5, Exh. E) swearing as to the reasonableness of the fees exactly as requested.

Plaintiff argues that the billing entries are unreasonable because of the block billing entries, and because the hours are generally excessive for a typical insurance matter. In response, plaintiff attached the Affidavit of Michael H. Lax (Doc. #97-1) attesting to the reasonable value of defendants' attorney fee application as $78,120.00, if the hours and hourly rates are both appropriately reduced as Mr. Lax suggests.

The Court has reviewed the entries and the descriptions for each entry in Exhibit A. (Doc. #84-1, Exh. A.) The Court has also reviewed the suggestions by plaintiff's counsel with regard to the appropriate time that should be allotted for summary judgment research and writing, and the examples of billing entries that should be reduced or modified. (Doc. #97, pp. 5-7.) The Court agrees that the continuous revisions to the summary judgment motion and to the request for leave to file an amended answer to add affirmative defenses were somewhat excessive, and therefore

the hours will be reduced. As the billing entries are intermingled with other ongoing work, the Court will make an overall reduction of 10 hours from Mr. Meyer's hours and 30 hours from Mr. Derr's hours. The parties did not reach a settlement until after discovery was complete, including depositions, and until after a summary judgment motion was researched and filed. In light of the protracted discovery before settlement, the Court finds that the hours expended were otherwise reasonable. The Court further finds that counsel properly exercised billing judgment to reduce or eliminate duplicate hours and travel time. (See Doc. #84-4, Exh. D, pp. 23-25.) Therefore, the Court finds that 165.7 hours by Mr. Meyer and 161.7 hours for Mr. Derr, for a total of 327.4 hours, were reasonably expended.

**(ii) Hourly Rates**

A "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The burden is on the fee applicant "to produce satisfactory evidence" that the rate is in line with those prevailing in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The prevailing market is the Fort Myers Division of the Middle District of Florida. Olesen-Frayne v. Olesen, 2:09-CV-49-FTM-29DNF, 2009 WL 3048451, *2 (M.D. Fla. Sept. 21, 2009).

Defendants seek an hourly rate of $365 for Mr. Meyer and an

hourly rate of $250 for Mr. Derr. In support, counsel filed the Declaration of John Hughes (Doc. #84-6, Exh. F), their client and President and sole owner of City Wide, who states that he initially hired a local attorney to help with the pre-suit examination. However, the local attorney, Mark Steinberg, was not able to help with the federal lawsuit as he does not practice in federal court. Without the financial means to fight North Pointe and unable to find anyone local who would represent him on a contingency basis, Hughes ended up in Tampa at the offices of Mr. Myer and and Mr. Derr. The Declaration of Mark Steinberg (Doc. #84-7, Exh. G) provides that he handles insurance matters throughout Southwest Florida but does not represent clients in federal litigation and he was not willing to take the case on a contingency basis. Mr. Steinberg states that an hourly rate of $350 and $450 per hour for an attorney of Mr. Meyer's background would be reasonable in his opinion. In response, plaintiff's Affidavit of Michael H. Lax (Doc. #97-1), who has been practicing for almost 40 years "in the South Florida community"[3], states that Mr. Meyer's rate should be $300 an hour and Mr. Derr's hourly rate should be $200 an hour.

"If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are

---

[3] The Florida Bar reflects that Mr. Lax practices in the Miami, Florida market.

willing and able to handle his claims." ACLU v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). The Court finds that defendants have met this burden to the extent that defendants were unable to find local counsel who would take the case on a contingency basis. Therefore the Court will apply the slightly higher prevailing market rates for the Tampa area in considering whether the requested rates are reasonable. The Court finds that Mr. Myer's background and experience warrant the requested rate of $365 an hour, and that the rate is in line with the prevailing Tampa market. Mr. Derr's hourly rate, however, will be reduced. Although Mr. Derr graduated from law school in 2010, he was not admitted to practice before the Florida Bar until May 17, 2012, and therefore the $250 an hour is excessive. Mr. Derr's hourly rate will be reduced to $200 an hour.

**B. Performance Enhancement**

Defendants seek an enhancement of the hourly rates to the extent that the proposed hourly rates are found to be unreasonable. Enhancements for performance or results obtained are generally reserved for "rare" or "exceptional" cases, and the fee applicant bears the burden of providing specific evidence supporting an enhanced award. Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552-53 (2010). The Court finds that an enhancement is not warranted in this case, and any basis for an enhancement is

subsumed by the factors considered by the lodestar calculation. Id. at 554-556.  Therefore, the enhancement is denied.

**C. Contingency Multiplier**

In this case, counsel entered into a contingency fee arrangement that was not based on a percentage of the recovery but simply on the basis of a recovery of fees from plaintiff upon prevailing and with "an appropriate contingency risk multiplier". (Doc. #84-4, p. 27.)  The Florida Supreme Court suggests that courts consider the following factors[4] in determining whether a multiplier is necessary:

> (1) whether the relevant market requires a contingency fee multiplier to obtain competent counsel; (2) whether the attorney was able to mitigate the risk of nonpayment in any way; and (3) whether any of the factors set forth in Rowe are applicable, especially, the amount involved, the results obtained, and the type of fee arrangement between the attorney and his client.

Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990) (modifying Florida Patient's Comp. Fund v. Rowe, 472 So. 2d 1145, 1151 (Fla. 1985)).  The application of a multiplier is

---

[4] Defendants suggest that the Court consider the factors listed for public policy enforcement cases, however the Court finds that this case does not "generally present discrimination, environmental, and consumer protection issues." Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 833 (Fla. 1990). There may be a "broader public policy purpose" for enacting Fla. Stat. 627.428, however defendants are incorrect that this is the type of public policy enforcement case "contemplated" by Quanstrom. Bell v. U.S.B. Acquisition Co., Inc., 734 So. 2d 403, 410 (Fla. 1999).

reviewed for an abuse of discretion, Holiday v. Nationwide Mut. Fire Ins., 864 So. 2d 1215, 1218 (Fla. 5th DCA 2004), and "[t]he application of a contingency risk multiplier must be reversed if it is not supported by competent, substantial evidence", USAA Cas. Ins. Co. v. Prime Care Chiropractic Enters, P.A., 93 So. 3d 345, 347 (Fla. 2d DCA 2012), reh'g denied, (July 25, 2012).

Although counsel presented the Declaration of Hughes to support the fact that defendants had difficulty finding counsel in Fort Myers that would take a case in federal court on a contingency basis, there is no evidence that he could not have found a lawyer who would take the case without the possibility of a multiplier. Without such evidence that the relevant market required the contingency fee multiplier, the multiplier should not be awarded. See, e.g., Prime Care Chiropractic Enters, P.A., 93 So. 3d at 347. The parties reached a confidential settlement before review of the summary judgment motions and the Court cannot determine the likelihood of success from the time the case was initiated or even the degree of success obtained.  Therefore, after considering the Rowe factors as modified by Quanstrom[5], the Court declines to apply a multiplier.

### D. Total Attorney Fees

The Court finds that defendants are entitled to attorney's

---

[5] Quanstrom, 555 So. 2d at 834.

fees, and that a reasonable amount of fees would be $60,480.50 for Mr. Meyer for 165.7 hours at a rate of $365 an hour, and $32,340.00 for Mr. Derr for 161.7 hours at a rate of $200 an hour, for a total of 327.4 hours and $92,820.50.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion for Attorney Fees (Doc. #84) filed on August 30, 2013 is **GRANTED in part and DENIED in part** as detailed above.

2. The Clerk shall enter judgment in favor of City Wide Plumbing, Inc. and John Hughes and against plaintiff who shall take nothing.  Defendants City Wide Plumbing, Inc. and John Hughes are awarded $92,820.50 in reasonable attorney's fees.

3. The Clerk is further directed to enter judgment dismissing the remaining defendants with prejudice, and to close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of July, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record